Case 1:25-cv-00309  Document 4  Filed on 12/09/25 in TXSD  Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ZAURI KARDAVA** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No: 1:25-cv-00309 |
| § | |
| **MIGUEL VERGARA**, in his official § | |
| capacity, Field Office Director, § | |
| Immigration and Customs Enforcement, § | |
| *et al.*, § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner Zauri Kardava's "Petition for Writ of Habeas Corpus" (Kardava's "§ 2241 Petition"). Dkt. No. 1. Kardava, a Georgian citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 1, 19–20. Kardava claims that 8 U.S.C. § 1226 should apply to him, and not, as Respondents argue, § 1225. Dkt. No. 1 at 19.

It does not plainly appear from the § 2241 Petition that Kardava is not entitled to the requested relief. Kardava's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id*.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate

custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Kardava is detained. *See id.*

Here, Kardava is held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 2. Kardava's custodian, then, would appear to be the facility administrator of El Valle, Francisco Venegas. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining...the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action). It is **ORDERED** that Venegas has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Kardava's reply after Venegas's filing.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Francisco Venegas as the respondent, and to terminate all other listed respondents. If Venegas is no longer the custodial officer for El Valle, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

**SIGNED** on this **9th** day of **December, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**